UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DYLAN WILLIAMS,

                                                    Plaintiff,

                    -against-

CITY OF NEW YORK and JOHN AND JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                                    Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

        Plaintiff DYLAN WILLIAMS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

**Preliminary Statement**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

**JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.     Plaintiff DYLAN WILLIAMS is a twenty-one year old African American man who resides in the State of Maryland.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## **FACTS**

12.     On April 20, 2020, between approximately 10:00 p.m. and 11:00 p.m., plaintiff was lawfully walking in the vicinity of Sterling Place and Howard Avenue, in Brooklyn, New York, when a number of plain clothes NYPD officers exited police vehicles and approached another individual on the street.

13.     Plaintiff, who had committed no crime or offense, attempted to leave the area, but was pursued by a NYPD officer, defendant JOHN DOE 1, who was operating an unmarked police vehicle.

14.     While in the street in the vicinity of 1710 Park Place, defendant JOHN DOE 1 unjustifiably and unreasonably struck plaintiff in the left ankle with his vehicle, causing plaintiff to stumble and fall onto the sidewalk.

15.     Plaintiff was able to stand up, and was immediately instructed by defendant JOHN DOE 1, who had exited the vehicle and had his gun drawn and pointed at plaintiff, not to run or else he would shoot.

16.     Although Mr. Williams heeded defendant JOHN DOE 1's instructions and was standing with his hands up, and had not committed any crime or offense warranting his arrest, he was nonetheless needlessly slammed down on the sidewalk by defendant JOHN DOE 1, who then held plaintiff's head down, while other defendant officers had their knees pressed in plaintiff's neck and back.

17.     The officers handcuffed and arrested plaintiff, despite lacking any lawful basis to do so, and continued to hold plaintiff to the ground with knees in his neck and back.

18.     The manner that the defendant officers held plaintiff to the ground while arresting him restricted his breathing.   The techniques employed were unreasonable, against proper

3

procedure, and otherwise unlawful.

19.     Plaintiff repeatedly informed the officers that he could not breathe.

20.     The officers ignored plaintiff's complaints and, shortly thereafter, plaintiff lost consciousness as a result of the defendant officers' misconduct.

21.     When plaintiff regained consciousness, he found himself rear handcuffed and imprisoned inside of a NYPD vehicle.

22.     Plaintiff was continuing to experience shortness of breath, had pain to his body, and had bruising on his wrists.

23.     While falsely imprisoned inside the vehicle, plaintiff complained that the handcuffs the officers had placed on him were over-tight, but his complaints in this regard were ignored, and the defendant officers refused to loosen or adjust them.

24.     Further, while plaintiff was imprisoned in the vehicle, upon information and belief, bystanders who had observed the defendant' abuse of plaintiff called an ambulance for him.  However, the responding FDNY and ambulance personnel left without treating plaintiff or transporting him to a hospital after apparently conferring with the defendant NYPD officers.

25.     Also while in the vehicle, a NYPD officer, believed to hold the rank of sergeant, attempted to debrief plaintiff without any authority or justification, while plaintiff remained in handcuffs, in pain, and was otherwise not free to leave.

26.     Mr. Williams was thereafter released from NYPD custody at the scene of the incident.  No charges were issued or otherwise brought by the defendants.

27.     Plaintiff thereafter sought medical treatment on his own at Brookdale Medical Center.

28.     As a result of the above, plaintiff suffered, *inter alia*, pain to his back, neck, right

knee, left ankle, wrists, and bruising or marks to his face and knuckles.

29.     Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of employing excessive force and engaging in improper and otherwise unreasonable use of force techniques, including kneeling on individuals, improperly maintaining persons in custody in prone positions and otherwise unreasonably restricting breathing of persons being taken into custody or who are in custody.

31.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, extensive media coverage, and legislative action, that many NYPD officers, including the defendants engage in a practice of employing excessive force, engaging in police holds that improperly restrict individuals breathing, and improperly employ prone positioning and other techniques that are likely to result in injury, loss of consciousness, and other serious physical injury and/or death.

32.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

5

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff DYLAN WILLIAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff DYLAN WILLIAMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

6

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiff DYLAN WILLIAMS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     Defendants caused plaintiff DYLAN WILLIAMS to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DYLAN WILLIAMS' constitutional rights.

45.     As a result of the aforementioned conduct of defendants, plaintiff DYLAN WILLIAMS was subjected to excessive force and sustained physical and emotional injuries.

46.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendant Officers)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants had an affirmative duty to intervene on behalf of plaintiff DYLAN WILLIAMS, whose constitutional rights were being violated in their presence by other officers.

49.     The defendants failed to intervene to prevent the unlawful conduct described herein.

50.     As a result of the foregoing, plaintiff DYLAN WILLIAMS' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

51.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Supervisory Defendant Officers)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The individual defendants personally caused plaintiff's constitutional injury by

8

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DYLAN WILLIAMS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

indifference to the safety, well-being and constitutional rights of plaintiff DYLAN WILLIAMS.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DYLAN WILLIAMS as alleged herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DYLAN WILLIAMS as alleged herein.

61.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DYLAN WILLIAMS was subjected to excessive force and his breathing was restricted when he was subjected to an improper police hold.

62.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DYLAN WILLIAMS' constitutional rights.

63.     All of the foregoing acts by defendants deprived plaintiff DYLAN WILLIAMS of federally protected rights, including, but not limited to, the right to be free from excessive force.

64.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

10

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

70.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York against All Defendants)

71.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Defendants arrested plaintiff DYLAN WILLIAMS without probable cause.

73.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

74.    As a result of the aforementioned conduct, plaintiff DYLAN WILLIAMS was unlawfully imprisoned in violation of the laws of the State of New York.

75.    As a result of the aforementioned conduct, plaintiff DYLAN WILLIAMS

suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

76.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

77.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against All Defendants)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     As a result of the foregoing, plaintiff DYLAN WILLIAMS was placed in apprehension of imminent harmful and offensive bodily contact.

80.     As a result of defendant's conduct, plaintiff DYLAN WILLIAMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Defendants made offensive contact with plaintiff without privilege or consent.

85.     As a result of defendant's conduct, plaintiff DYLAN WILLIAMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York against All Defendants)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

91.     The aforementioned conduct was committed by defendants while acting in

13

furtherance of their employment by defendant CITY OF NEW YORK.

92.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff DYLAN WILLIAMS.

93.     As a result of the aforementioned conduct, plaintiff DYLAN WILLIAMS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

94.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*

95.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DYLAN WILLIAMS.

98.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

99.     As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DYLAN WILLIAMS.

102.    As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against All Defendants)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

105.    Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior*

106.    As a result of the foregoing, plaintiff DYLAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DYLAN WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       July 19, 2021

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff DYLAN WILLIAMS
                                        305 Broadway, Suite 600
                                        New York, New York 11201
                                        (212) 335-0132

                                        By:    *Brett Klein*
                                               _____
                                               BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DYLAN WILLIAMS,

                                        Plaintiff,

          -against-

CITY OF NEW YORK and JOHN AND JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132